IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS P. BROWN,<br>    Plaintiff<br><br>    v.<br><br>EDMOND CHEVROLET, INC., SHULTS SALES AND LEASING, INC., EDMOND R. SHULTS, JR., TIM M. SHULTS,<br>    Defendants | Civil Action No. 04 - 177 ERIE |

## PLAINTIFF'S PRETRIAL NARRATIVE STATEMENT

**I.     Statement of Facts**

This litigation arises out of the sale of corporate stock in Shults Sales and Leasing, Inc. from Plaintiff to Defendant Edmond Chevrolet, Inc. in December 2003.

Prior to December 2003, Plaintiff was the owner of 25% of the capital stock of Shults Sales and Leasing, Inc. for which he had paid the sum of $135,000.00. Also, prior to December 2005, Plaintiff was an active employee of Shults Sales and Leasing, Inc., serving as its General Manager.

In November of 2003, Plaintiff was contacted by the Defendant, Tim M. Shults, and advised that his employment with Shults Sales and Leasing, Inc. was being terminated and that it was necessary for him to relinquish his ownership interest in that corporate entity. On or about December 8, 2003, Defendant Tim M. Shults met with Plaintiff and represented to him that Shults Sales and Leasing, Inc. would be purchasing his 25% ownership interest for the sum of $80,000.00. Further, Mr. Shults informed Plaintiff that if Plaintiff refused to participate in this

PDF created with pdfFactory trial version www.pdffactory.com

transaction he and the other Defendants would operate Shults Sales and Leasing, Inc. in a manner to cause it to become insolvent, rendering Plaintiff's investment worthless. As a result of such threats, Plaintiff entered into the transaction whereby he conveyed his 25% interest in the corporate entity for $80,000.00 and signed a covenant not to compete in the amount of $30,000.00.

In December 2003, prior to the transaction being consummated, Defendant Tim M. Shults knowingly made false and misleading statements and statements which omitted material facts in connection with the purchase of Plaintiff's shares in Shults Sales and Leasing, Inc. These false, misleading, and omitted material facts include: the actual value of Plaintiff's interest in the corporation, which was known solely to the Defendants; the number of other shares of Shults Sales and Leasing, Inc. which were being offered for sale at the time; the consideration for which other shareholders were selling their shares in the corporate entity; the amount of consideration which Defendants were willing to pay for the shares; the fact that Plaintiff's interest in the corporate entity was being acquired by Defendant Edmond Chevrolet, Inc. as opposed to Defendant Shults Sales and Leasing, Inc.; and the fact that Defendants were acquiring not merely Plaintiff's interest but the interest of all other shareholders.

An awareness of the truth of the above-described circumstances would have had a material impact on Plaintiff's decision to sell his shares and/or the price at which he would have valued his shares in the corporate entity.

At the time that the threats, misstatements of material fact, and omissions of material fact were made by Defendant Tim M. Shults, Mr. Shults knew of the falsity and materiality of such misstatements. Further, at such time, Mr. Shults was in the position of a fiduciary relative to Plaintiff.

PDF created with pdfFactory trial version www.pdffactory.com

Further prior to December 2003, Plaintiff was employed by Shults Sales and Leasing, Inc. at a salary of $10,000.00 a month plus 10% of the net profit of the business. On May 1, 2001, Shults Sales and Leasing, Inc. arbitrarily and in breach of its agreement reduced Plaintiff's compensation to $6,000.00 a month plus 10% of the profits. After May 1, 2001, the Defendants improperly reduced the net profits of the business by paying Defendants salaries and/or fees for management services they did not perform and/or salaries and fees in a disproportionate amount for work that they did perform. These actions were in breach of the agreement between Plaintiff and Defendant Shults Sales and Leasing, Inc. and constituted a breach of the fiduciary duty owed by the Defendants, Edmond R. Shults Jr. and Tim M. Shults.

## II. Damages

As a result of the Defendants' breach of agreement concerning salary and benefits, Plaintiff has suffered a loss of $192,000.00 together with an unliquidated amount for Defendants' breach of fiduciary obligations.

In addition, Plaintiff seeks recovery of the difference between the actual value of the shares which he transferred in the December 2003 transaction and the value which he was paid. Plaintiff believes that that difference in value is in excess of $75,000.00.

## III. Witnesses

| Witness | Address | Liability | Damages |
|---|---|---|---|
| Douglas P. Brown | 12713 Bowen Road, Randolph, NY | X | X |
| Christina Brown | 12713 Bowen Road, Randolph, NY | X | X |
| John S. Gencavage | 140 Hunter Lane, Harrisburg, PA | X | |

PDF created with pdfFactory trial version www.pdffactory.com

| Witness | Address | Liability | Damages |
|---|---|---|---|
| John L. Sellstrom | 9 East Fourth Street, Jamestown, NY | X | |
| Tim M. Shults | 66 Nottingham Circle, West, Jamestown, NY | X | |
| Edmond R. Shults Jr. | 1328 Orr Street, Jamestown, NY | X | |
| James W. Wellman, CPA | 525 Falconer Street, Jamestown, NY | X | X |

Plaintiff would reserve the right to present the testimony of any witness listed on Defendants' pretrial narrative statements.

**IV.   Exhibits**

1. Sellstrom letter of July 18, 2001 (shareholder agreement).

2. Draft of employment agreement with compensation schedule dated June 2000.

3. Wellman correspondence of June 19, 2002.

4. Wellman correspondence of March 3, 2001.

5. Wellman correspondence of June 24, 2002.

6. Documents showing financial performance and sale of units of Shults Sales and Leasing, Inc. for years 2000 through 2003.

7. Stock certificates of Shults Sales and Leasing, Inc.

8. Supplemental agreement between Doug Brown and Tim Shults dated December 8, 2003.

9. Shults Sales and Leasing, Inc. credit application to M&T Bank dated May 13, 2004.

10. Maps, charts, and photographs outlining location of business operation of Shults Sales and Leasing, Inc.

11. Photocopies of canceled records and checks demonstrating Plaintiff's purchase of securities.

PDF created with pdfFactory trial version www.pdffactory.com

12. Non-Compete Agreement of December 8, 2003.

Plaintiff reserves the right to introduce into evidence any document listed on the pretrial narrative statements of any other party.

**V.    Legal Issues**

Plaintiff's state law claims for breach of contract should be governed by New York law. An appropriate memorandum of law regarding such issues will be presented to the Court prior to trial.

                                         Respectfully submitted,

                                         s/W. Patrick Delaney
                                         W. Patrick Delany
                                         Thomas A. Pendleton
                                         MacDONALD, ILLIG, JONES & BRITTON LLP
                                         100 State Street, Suite 700
                                         Erie, Pennsylvania 16507-1459
                                         (814) 870-7600

                                         Attorneys for Plaintiff
                                           Douglas P. Brown

897473

PDF created with pdfFactory trial version www.pdffactory.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS P. BROWN, <br>     Plaintiff | ) <br> ) <br> ) |
| v. | )    Civil Action No. 04 - 177 ERIE |
| EDMOND CHEVROLET, INC., SHULTS <br> SALES AND LEASING, INC., EDMOND <br> R. SHULTS, JR., TIM M. SHULTS, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Pretrial Narrative Statement was served upon the following, via First-Class United States Mail, this 6th day of July 2005:

        Andrew J. Conner, Esquire
        Conner Riley & Fryling
        17 West 10th Street
        P.O. Box 860
        Erie, PA 16512-0860

        s/W. Patrick Delaney
          W. Patrick Delaney, Esquire

PDF created with pdfFactory trial version www.pdffactory.com